# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD RAMIREZ,<br><br>                    Plaintiff,<br>  vs.<br>MICROSOFT; APPLE; VIACOM;<br>COMCAST; FACEBOOK; KUSI;<br>ABC 10; KPBS; and TMOBILE,<br><br>                    Defendant. | CASE NO. 15-cv-1753-WQH (BLM)<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) and the request for appointment of counsel (ECF No. 3) filed by Plaintiff Richard Ramirez.

On August 6, 2015, Plaintiff Richard Ramirez commenced this action by filing a Complaint and the motion to proceed IFP. (ECF Nos. 1, 2). The Complaint alleges in its entirety: "Civil rights were violated under mind control" and "Under mind control, civil rights were violated." (ECF No. 1 at 1-2).

**I. Motion to Proceed IFP (ECF No. 1)**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177

(9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In Plaintiff's accompanying affidavit, Plaintiff states that he is employed and earns $1,600 per month in income. Plaintiff states that he has no assets or savings and has $7,236.62 in debt.

After considering Plaintiff's motion and accompanying affidavit, the Court concludes that Plaintiff is entitled to proceed IFP. Accordingly, Plaintiff's motion to proceed IFP is granted.

**II.  Initial Screening of the Complaint**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

The Complaint lacks factual allegations. The Complaint is dismissed without prejudice.

**III. Conclusion**

IT IS HEREBY ORDERED that the motion to proceed IFP (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). No later than **thirty (30) days** from the date of this Order, Plaintiff may file a First Amended Complaint.

IT IS FURTHER ORDERED that the request for the appointment of counsel (ECF No. 3) is denied as moot.

DATED: August 20, 2015

**WILLIAM Q. HAYES**
United States District Judge